IN BURKE SUPERIOR COURT.

ROBERT E. BRODNAX *vs.* WADE BROWN and ELIZABETH
BROWN, Executors of JAMES BROWN.

*Assumpsit.*

Where defendants were sued in assumpsit as executors *de son tort*, and pleaded *non assumpsit, ne unques executor,* and that they never intermeddled, the court would not allow a separate trial of each plea.

To this declaration the defendants have pleaded non assumpsit, and also that they are not executors, nor have they intermeddled with the estate of James Brown. And now move for a several trial of each plea.

It is argued by defendant's counsel that " whether a man have made himself executor *de son tort* is a question not to be left to a jury, but is a conclusion of law resulting from the facts established in evidence ;" and a case in 2 Term Rep. 99. cited in Toller's Law of Executors, sec. 2, ch. 2, book 1, is referred to. It is further contended that the jury under the latter plea have but to find the facts, and the court pronounces the law as applicable to the facts so found.

The plaintiff relies on the precedents and authorities found in Chitty's Treatise on Pleading, and on what has been the practice of our courts in such cases.

One of the evils of our judiciary system, and not the least, is, that principles and practice must generally be settled, if settled at all, under circumstances the least favorable to deliberate investigation, during the hurry and business of a court in which questions various and important are pressed upon the consideration of a judge in the most rapid succession. Remote, too, as he frequently is, from books, and forced to draw promptly on his memory and reason, it would indeed be surprising if errors were not frequent, and decisions various.

In pronouncing the opinion of the court in this case, I find myself under all these disadvantages, but impelled by the necessity of my situation, I do not hestitate.

It is true, as contended by defendant's counsel, that " whether a man be executor *de son tort* is a conclusion of law resulting from the facts established in evidence," which is the extent of the authority cited. But this by no means settles the order of pleading, or the practice in such cases, but *merely that what shall constitute* a *man* such executor is *matter* of *law*.

In the English courts, where special pleading is allowed, and duplicity of pleading carefully avoided, the plea of *ne unques* executor is admitted, in addition to the general issue and the plea of *plene administravit.* Fortesc. 336. Com. Dig. Pleader, E. 2. cited in a note, 2 Chitty, 450. and so are the precedents. The conclusion of the plea *ne unques* executor is to the court with a verification. So, too, is the plea

of the statute of limitations, of *plene administravit*, of a retainer; but these pleas, though connected with the general issue which concludes to the country, do not require or admit of a severance of issue and trial. And it is laid down in Chitty, that though the plea *ne unques executor* usually conclude to the court with a verification, it does not seem to be necessary; but that it might conclude to the country, as the subject matter of it is a denial of an allegation in the declaration. Besides it is expressly declared that though the conclusion be with a verification to the court, the plaintiff may by his replication re-assert the fact which brings the allegation in the declaration before the country, and in our practice a replication is always implied.

Our own acts, however, have left but little doubt or uncertainty on this question.

By the Judiciary act of 1799, the manner of commencing suits, which is by petition and process is clearly prescribed: and the manner of making defence is as clearly pointed out. It is declared that the answer of the defendant may contain as many several matters as he may think necessary for his defence; and the petition and answer shall be sufficient to carry the cause to the jury without other replication or course of proceeding. The explanatory act of 1818, which was designed expressly to enforce the provision of the act of 1799, leaves no doubt in the mind of the court.

The motion is overruled.